```
               UNITED STATES DISTRICT COURT
                        FOR THE
                   DISTRICT OF VERMONT
```

United States of America      :
                              :
    v.                          :    File No. 1:92-CR-63-01
                              :
Jacob Washington              :

<u>OPINION AND ORDER</u>
(Paper 229)

Jacob Washington has filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). The judgment from which Washington seeks relief is this Court's ruling on his habeas corpus motion, filed pursuant to 28 U.S.C. § 2255. In that order, the Court adopted the Magistrate Judge's Report and Recommendation, vacated two of Washington's firearm convictions and authorized re-sentencing on the remaining counts. Washington now claims that the Court had no jurisdiction to order re-sentencing. For the reasons set forth below, his Rule 60(b) motion is DENIED.

<u>Factual and Procedural Background</u>

In 1992, Washington was indicted on federal drug and firearm charges. He was subsequently convicted at trial of one count of conspiracy to distribute cocaine; seven counts of distributing cocaine; one count of possession of cocaine with intent to distribute; one count of using a communication facility in furtherance of a drug-related crime; five counts of possessing firearms as a convicted felon; and two counts of using or carrying firearms in relation to a drug trafficking

crime in violation of 18 U.S.C. § 924(c)(1).  Judge Parker sentenced Washington to concurrent 235-month sentences on the conspiracy, possession and distribution counts, a 96-month concurrent term on the communication facility count, and 120-month concurrent terms on the five felon-in-possession counts.  On the counts charging Washington with firearm violations under section 924(c)(1), Judge Parker imposed the mandatory five-year consecutive term on the first count, and the mandatory 20-year consecutive term on second count.  The Court also ordered 12 years on supervised release.

The Second Circuit affirmed Washington's convictions and sentences on direct appeal.  After the circuit court issued its decision, the Supreme Court decided Bailey v. United States, 516 U.S. 137 (1995), which construed the "use" prong of section 924(c)(1) more narrowly than the reading that had been given that term in the Second Circuit.  In light of the Bailey decision, Washington filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on several counts, including his convictions under section 924(c)(1).

In a Report and Recommendation dated June 27, 1997, Magistrate Judge Niedermeier recommended that Washington's convictions on the section 924(c)(1) counts be vacated pursuant to Bailey, and that Washington be re-sentenced.

(Paper 154 at 12, citing United States v. Vasquez, 85 F.3d 59, 61 (2d Cir. 1996)).  Judge Niedermeier rejected Washington's claims for relief on the remaining charges.  After neither party filed a timely objection, the Court adopted the Magistrate Judge's Report and Recommendation in an order dated July 24, 1997.  (Paper 155).[1]

The Court re-sentenced Washington on February 12, 1998.  Because there had already been a two-level enhancement for possession of firearms in the original sentence imposed by Judge Parker in 1994, there were no additional enhancements arising out of the weapons that had been part of the section 924(c)(1) counts.  Accordingly, Washington's criminal history category and Sentencing Guideline level at re-sentencing was unchanged.  Nonetheless, the Court added 35 months to the original sentence.  Instead of the low-end sentence prescribed by Judge Parker, Washington is now serving a sentence in the middle of the Guideline range.  Washington did not appeal his re-sentencing.

Washington now challenges the Court's jurisdiction to order re-sentencing.  Specifically, Washington claims that in the "2255 habeas proceedings before it," the Court "erred in assuming authority outside it's [sic] jurisdiction by ruling

---

[1]  The government was later granted leave to file an objection to the Report and Recommendation.

on subject matter not lawfully presented before it.  (i.e. drug counts)." (Paper 229-2 at 2).  For relief, he requests that "this court vacate it's [sic] final judgment in the . . . Habeas proceeding and remand plaintiff for rehearing." Id. Washington brings his motion pursuant to Fed. R. Civ. P. 60(b)(6).

## Discussion

Rule 60(b)(6) allows a district court to grant relief from a judgment for "any . . . reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The rule states that a party must move "within a reasonable time," and may not be used "to circumvent the 1-year limitations period that governs Rule 60(b)(1)." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000).  Relief may only be granted in cases "presenting extraordinary circumstances." Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001).  A Rule 60(b) motion may attack the integrity of a habeas corpus proceeding.  Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).

Washington submits that shortly after his re-sentencing in 1998, he suffered a mild stroke that caused partial paralysis on the right side of his body.  He also claims that after re-sentencing he asked his attorney about the possibility of an appeal, but was advised that an appeal would

4

be unsuccessful.  Because Washington's legal arguments are without merit, the Court need not determine whether, under these facts, the case presents extraordinary circumstances, or whether it was reasonable for him to wait eight years to file his motion.

Washington argues that the Court only granted section 2255 relief on the section 924(c)(1) counts, and had no jurisdiction to order re-sentencing on the remaining counts. In United States v. Gordils, the Second Circuit held that when a section 924(c)(1) conviction has been vacated under Bailey, the district court may re-sentence on any remaining counts. 117 F.3d 99, 102-02 (2d Cir. 1997).  Citing several other circuits in support, the Second Circuit determined that "a district court does have jurisdiction under § 2255 to resentence a defendant on a related, unchallenged drug conviction when the defendant has successfully challenged his § 924(c) conviction pursuant to Bailey."  Id. at 102 (citing cases).  The Gordils decision noted that § 2255 requires a court to "'*vacate and set the judgment aside [and to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate*.'"  Id. (quoting 28 U.S.C. § 2255) (emphasis in original).  This language "gives a district court broad and flexible remedial authority, having 'vacate[d] and set the judgment aside,' to

5

resentence a defendant and correct the sentence as appropriate." Id. at 103.

In his Report and Recommendation, Judge Niedermeier stated in a footnote that without the section 924(c)(1) counts, Washington's sentence "would apparently be 235 months," since that was the sentence originally imposed by Judge Parker on the remaining counts.  Washington contends that this language delineated the Court's jurisdiction at re-sentencing, and barred the Court from issuing a new sentence on those remaining counts.  When the Court adopted the Report and Recommendation, however, it merely accepted Judge Niedermeier's conclusion that the section 924(c)(1) counts should be vacated and Washington re-sentenced.  Pursuant to Second Circuit precedent, re-sentencing on all remaining counts was appropriate, and Washington's contentions are without merit.[2]  See Gordils, 117 F.3d at 102-04; Vasquez, 85 F.3d at 61; United States v. Diaz, 834 F.2d 287, 289-90 (2d Cir. 1987).

## Conclusion

For the reasons set forth above, Washington's motion to correct judgment (Paper 229) is DENIED.

---

[2]  To the extent that Washington seeks to challenge his new sentence, that challenge must be brought in a motion pursuant to 28 U.S.C. § 2255.  See, e.g., Galtieri v. United States, 128 F.3d 33, 37-38 (2d Cir. 1997).

Dated at Brattleboro, in the District of Vermont, this 17th day of October, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge
