```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT


United States of America     :
                             :
     v.                      :File No. 1:92-cr-00063-jgm-1
                             :
Jacob P. Washington          :
```

OPINION AND ORDER
(Doc. 245)

Jacob Washington has filed a motion for a reduction of his sentence under 18 U.S.C. § 3582. Washington claims that at his re-sentencing in 1998, his offense level was enhanced due to his possession of a firearm during a drug offense. He now claims a retroactively applicable amendment to the Sentencing Guidelines in 2000 barred such an enhancement and that he is entitled to a sentence reduction. The Government has opposed the motion, arguing that the cited amendment has no application in this case.

This case has a lengthy procedural history. In 1992, Washington was indicted on federal drug and firearm charges. He subsequently was convicted at trial of one count of conspiracy to distribute cocaine; seven counts of distributing cocaine; one count of possession of cocaine with intent to distribute; one count of using a

communication facility in furtherance of a drug-related crime; five counts of possessing firearms as a convicted felon; and two counts of using or carrying firearms in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  He was sentenced by Judge Parker.

The Second Circuit affirmed Washington's convictions and sentences on direct appeal.  After the circuit court issued its decision, the Supreme Court decided Bailey v. United States, 516 U.S. 137 (1995), which construed the "use" prong of section 924(c)(1) more narrowly than the reading given it in the Second Circuit.  In light of the Bailey decision, Washington filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on several counts, including his convictions under section 924(c)(1).

In a June 27, 1997 Report and Recommendation, Magistrate Judge Niedermeier recommended Washington's convictions on the section 924(c)(1) firearms counts be vacated under Bailey, and that he be re-sentenced.  (Doc. 154 at 12, citing United States v. Vasquez, 85 F.3d 59, 61 (2d Cir. 1996)).  Judge Niedermeier rejected Washington's claims for relief on the remaining charges.

The Court subsequently adopted the Magistrate Judge's Report and Recommendation in a July 24, 1997 order.

The Court re-sentenced Washington on the remaining counts on February 12, 1998.  In the original sentencing by Judge Parker, the sentencing range was determined solely by the drug counts, with a two-level enhancement for firearms.  At re-sentencing, the sentencing range was again determined by the drug convictions, and the Court applied the same enhancement under U.S.S.G. § 2D1.1(b)(1).  As a result, Washington's sentencing range remained the same.

Washington now challenges his 1998 sentence, citing Amendment 599 to the Sentencing Guidelines.  Amendment 599, which became effective in November 2000, altered the Guideline applicable to convictions for use of a firearm or explosive during the commission of certain other crimes.  U.S.S.G. § 2K2.4.  Amendment 599 provides, in relevant part, that "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense," a court should not "apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm

when determining the sentence for the underlying offense." Id., Application Note 4.

Amendment 599 clarified that if a defendant has been convicted of a weapons offense under 18 U.S.C. § 924(c), and also of the underlying crime upon which the § 924(c) charge is based, i.e. drug trafficking, a court may not apply a weapon enhancement to the underlying crime. See United States v. Contrera, 2009 WL 2383034, at *3 (E.D.N.Y. July 30, 2009). The purpose of Amendment 599 was to prevent double-counting in a case in which a defendant was convicted and sentenced under § 924(c), and also faced the potential of firearms-related sentencing enhancements. See United States v. Goines, 357 F.3d 469, 471-73 (4th Cir. 2004). Amendment 599 may be applied retroactively. Contrera, 2009 WL 2383034, at *3.

The Government argues that Amendment 599 does not apply because Washington's 1998 sentence involved only convictions on drug and felon-in-possession charges. Indeed, Washington's § 924(c) conviction was vacated prior to re-sentencing.

Washington claims he was, in fact, convicted of a gun offense, referring to the felon-in-possession charge

4

under 18 U.S.C. § 922.  This charge, however, was not the basis of a 924(c) conviction and is not affected by Amendment 599, as "[n]othing in Amendment 599 precludes the application of a weapon enhancement to the offense level of a separate crime that is not the basis of a § 844(h), 924(c), or a 929(a) weapons offense." <u>Contrera</u>, 2009 WL 2383034, at *3.  "It is therefore permissible for a court to apply the firearms enhancement under § 2D1.1(b)(1) to a drug conviction, even where a defendant is also convicted under 18 U.S.C. § 922(g)(1) for possessing the same firearm." <u>United States v. Arnau</u>, 2008 WL 819733, at *2 (W.D.N.Y. March 25, 2008) (citing <u>United States v. Pierce</u>, 388 F.3d 1136, 1138-39 (8th Cir. 2004) ("In calculating a defendant's offense level for a drug conviction, it does not constitute impermissible double-counting to apply a § 2D1.1(b)(1) enhancement, even though the defendant has also been convicted under § 922(g)(1) for possessing the same firearm.")).  Accordingly, Washington is not entitled to relief under Amendment 599.

In a recent supplement to his motion, Washington cites a proposed amendment by the Sentencing Commission

5

with respect to the award of criminal history points for "recency." The Second Circuit has noted, however, that the Sentencing Commission did not specify that the amendment would be retroactive. United States v. Mitchell, 2010 WL 4069520, at *2 (2d Cir. Oct. 19, 2010). "Without an express decision by the Sentencing Commission to make its changes retroactive, the mere existence of an amendment that alters a Guideline provision going forward does not render the applicable Guideline substantively unreasonable." Id. (citing Braxton v. United States, 500 U.S. 344, 348 (1991) (stating that Congress gave the Sentencing Commission the explicit power to decide whether its amendments will be given retroactive effect)). This Court therefore declines to grant relief on the basis of the Sentencing Commission's amendment.

    For these reasons, Washington's motion for reduction of his sentence (Doc. 245) is DENIED.

    Dated at Brattleboro, in the District of Vermont, this 8th day of December, 2010.

                              /s/ J. Garvan Murtha
                              Honorable J. Garvan Murtha
                              Senior United States District Judge